[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

No. 10-14017
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00845-AKK

THOMAS PORTER,

Plaintiff-Appellant,

versus

AMERICAN CAST IRON PIPE COMPANY,
ROYCE HANDLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 23, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Thomas Porter appeals the district court's grant of summary judgment in

favor of American Cast Iron Pipe Company (ACIPCO) and Royce Handley on

Porter's employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2, 3, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and 42 U.S.C. § 1981. Porter argues the district court erred in granting summary judgment as to his race and age discrimination claims because his superior qualifications showed ACIPCO's legitimate reason for failing to promote him was a pretext for discrimination. Additionally, Porter argues the district court erred by finding he had not established a *prima facie* case of retaliation because his protected conduct was too temporally remote from ACIPCO's alleged retaliation.[1] After review,[2] we affirm the district court.

---

[1]Porter's appellate brief fails to address his disparate impact claim and his individual claims against Handley. Accordingly, Porter abandoned these claims on appeal and we do not address them. *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1259 n.1 (11th Cir. 2007). Additionally, although the notice of appeal states Porter appeals the district court's July 29, 2010, order denying his motion to alter or amend the judgment, Porter does not address this order in his brief. Accordingly, Porter abandoned any issues relating to the July 29, 2010, order. *See id.*

[2]We review a district court's grant of summary judgment *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). We view the record and make all reasonable inferences in the light most favorable to the non-moving party. *Id*. Summary judgment is appropriate if the evidence shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

I.

Porter first argues the district court erred by granting summary judgment to ACIPCO on his race and age discrimination claims. He claims his superior qualifications shows ACIPCO's legitimate reason for failing to promote him was a pretext for discrimination. Title VII prohibits an employer from discriminating against a person based on the person's race. 42 U.S.C. § 2000e-2(a)(1). Under 42 U.S.C. § 1981, an employee has a right to be free of discrimination by an employer based on race in the performance of a contract. Similarly, "[t]he ADEA makes it 'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*) (quoting 29 U.S.C. § 623(a)(1)). The elements to establish an employment discrimination claim under § 1981 and the ADEA are the same as those required under Title VII. *Howard v. BP Oil Co.*, 32 F.3d 520, 524 n.2 (11th Cir. 1994) (Section 1981 claims); *Chapman*, 229 F.3d at 1024 (ADEA claims).

Because, for purposes of summary judgment, the district court concluded Porter established a *prima facie* case under both Title VII and the ADEA and that ACIPCO articulated a legitimate, non-discriminatory reason for denying Porter the

3

promotion, Porter had to show the proffered reason was mere pretext for race or age discrimination. *See Brooks v. Cnty. Comm'rs of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006); *Chapman*, 229 F.3d at 1024. To show pretext, Porter had to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [ACIPCO's] proffered legitimate reasons for its action that a reasonable fact finder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). He could not "recast [ACIPCO's] proffered nondiscriminatory reasons or substitute his business judgment for that of [ACIPCO]. Provided that the proffered reason [was] one that might motivate a reasonable employer, [Porter had to] meet that reason head on and rebut it . . . ." *Chapman*, 229 F.3d at 1030. Thus, to avoid summary judgment, Porter had to produce sufficient evidence to rebut each of ACIPCO's proffered legitimate, nondiscriminatory reasons. *See id.* at 1037.

Furthermore, federal courts do not sit "as a super-personnel department that reexamines an entity's business decisions . . . ." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). Disparities in qualifications "must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004),

overruled in part on other grounds, *Ash v. Tyson Foods*, 546 U.S. 454, 126 S.Ct. 1195 (2006).

The district court did not err in concluding Porter failed to establish ACIPCO's reason for promoting the other candidate was pretext for race or age discrimination. Although ACIPCO's reason for promoting the other candidate—his superior interview performance—was subjective, "subjective reasons are not the red-headed stepchildren of proffered nondiscriminatory explanations for employment decisions." *Chapman*, 229 F.3d at 1034. Furthermore, Porter failed to identify a disparity in qualifications such that no reasonable person, in the exercise of impartial judgment, would have promoted the other candidate over him. *See Cooper*, 390 F.3d at 732. Although Porter had more seniority and experience, he failed to rebut or even address the other candidate's identified strengths in the other dimensions on which ACIPCO relied. Accordingly, the district court did not err in granting summary judgment for ACIPCO on Porter's race and age discrimination claims.

## II.

Porter also argues the district court erred by finding his protected conduct was too temporally remote from ACIPCO's alleged retaliation. Title VII prohibits an employer's retaliating against an employee for opposing an unlawful

5

employment practice. *See Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59, 126 S. Ct. 2405, 2410 (2006). A race-based retaliation claim is also cognizable under 42 U.S.C. § 1981. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 451, 128 S.Ct. 1951, 1958 (2008). To establish a Title VII or § 1981 retaliation claim based on circumstantial evidence, the plaintiff must show: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (applying the same three-part test to retaliation claims under § 1981 and Title VII).

The district court concluded Porter established the first element of the *prima facie* case by suing ACIPCO, filing EEOC complaints, and complaining about his 1998 performance evaluation. Porter met the second element of the *prima facie* case by showing ACIPCO failed to promote him.

To establish causation, Porter had to show the alleged retaliator was aware of his "protected activity" and "the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000), *abrogated on other grounds by Burlington N.*, 548 U.S. at 68, 126 S.Ct. at 2415. Absent additional evidence of causation, "mere temporal proximity between

[] knowledge of protected activity and an adverse [] action [] must be very close." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). "If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Id*. Finally, as with a discrimination claim, if the plaintiff establishes a *prima facie* case of retaliation and the employer produces a legitimate, non-retaliatory reason for its actions, the plaintiff must offer evidence from which a jury may conclude that the proffered reason is "a pretextual ruse for retaliation." *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999).

In this case, no juror could reasonably infer causation given the ten-year interlude between Porter's most recent complaint and ACIPCO's failure to promote him. *See Higdon*, 393 F.3d at 1220-21 (three months too remote to infer causation). Furthermore, as discussed above, Porter failed to show his qualifications were so superior to the other candidate's qualification that no reasonable person would have chosen the other candidate over Porter. Thus, Porter failed to show that ACIPCO's legitimate reason for failing to promote him was pretext to retaliate against him for his previous lawsuits and EEOC complaints. Finally, the district court did not err in rejecting Porter's unsupported

7

allegation that ACIPCO retaliated against him for filing the present lawsuit by threatening to collect a personal debt that ACIPCO had written off in 1995. As the district court noted, Porter could not establish a *prima facie* case of retaliation merely by alleging in a brief—without any basis in the record—that ACIPCO retaliated against him by attempting to collect a forgiven debt. Accordingly, the district court did not err in granting summary judgment for ACIPCO on Porter's retaliation claim.

**AFFIRMED.**